IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JENNY GOODWIN AND REBECCA LYNN NELSON,<br><br>      Plaintiffs,<br><br>      v.<br><br>V.J. DEWAR AND NEVIN DEWAR,<br><br>      Defendants. | Case No. 23-2207-DDC-ADM |

**REPORT AND RECOMMENDATION**

Plaintiffs Jenny Goodwin and Rebecca Nelson (collectively, "plaintiffs"), proceeding pro se and in forma pauperis, filed a complaint alleging that defendant Nevin Dewar violated their Fourteenth Amendment rights by discriminating against them based on their race, national origin, and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). For the reasons discussed below, the undersigned recommends that the district judge dismiss their complaint on the grounds that plaintiffs fail to state a claim upon which relief may be granted.

**I.    THE COURT RECOMMENDS DISMISSING PLAINTIFFS' COMPLAINT WITHOUT PREJUDICE.**

When a plaintiff proceeds IFP, the court may screen the complaint under § 1915(e)(2)(B). The court may dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

### A. Legal Standard

Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard that applies to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim for relief. *Id.* Dismissal of a pro se plaintiff's complaint for failure to state a claim is "proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give [plaintiff] an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001). The court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Because plaintiffs are proceeding pro se, the court construes their pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys." *Johnson v. Johnson,* 466 F.3d 1213, 1214 (10th Cir. 2006). In doing so, the court does not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The plaintiffs still bear "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

**B.**     **Analysis**

Plaintiffs' form employment discrimination complaint alleges that Nevin Dewar ("Dewar") discriminated against them based on their race, national origin, and gender in violation of Title VII, and that Dewar's verbal abuse created a hostile work environment. (ECF 1, at 3.)[1] Specifically, plaintiffs allege that Dewar terminated their employment on May 5, 2023, withheld their final pay checks and other hourly pay, took away their apartment and kept the security deposit, and verbally harassed them based on their race ("called me white trash"). Plaintiffs also allege that Dewar made racially derogatory comments (claiming he "lives in the ghetto" because a black lady lives upstairs from his office), failed to pay contractors, verbally abused them in front of tenants, and called them names. (*Id.* at 3-4.) Plaintiffs seek their litigation costs and fees, as well as back pay. (*Id.* at 5.)

For Title VII claims, a plaintiff generally must exhaust administrative remedies prior to pursuing the claim in federal court. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Although exhaustion of administrative remedies was once considered "a jurisdictional prerequisite to suit under Title VII," *Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012), it is now considered an affirmative defense that an employer may raise, *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1182-1185 (10th Cir. 2018). As such, in screening plaintiffs' complaint, the court looks at whether the complaint alleges the factual basis for all elements of this affirmative defense. *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) ("To be sure, on occasion it is proper to dismiss a claim on the

---

[1] The case caption of the form complaint appears to list VJ and Nevin Dewar, but the only allegations in the body of the complaint are against Nevin Dewar. To the extent plaintiffs intended to include "VJ" as a defendant, their complaint fails to state a claim against him because the complaint contains no allegations with respect to his actions.

pleadings based on an affirmative defense.  But that is only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements."); *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965) ("If the defense appears plainly on the face of the complaint itself, the motion [to dismiss for failure to state a claim] may be disposed of under [Rule 12(b)].").

Here, plaintiffs' complaint admits all elements of the affirmative defense of failure to exhaust administrative remedies.  Plaintiffs used the court's form employment discrimination complaint.  That form asks if they filed their charge with the EEOC or the appropriate Kansas agency.  Plaintiffs checked "No."  The form also asks if plaintiffs received a notice of right-to-sue letter.  Again, plaintiffs checked "no."  So plaintiffs specifically admit on the face of their complaint that they did not file the required charge of discrimination or receive the required notice of right-to-sue letter.  Furthermore, they admit this even though the first page of the form complaint clearly states that "to bring suit in federal court under Title VII, you must first obtain a right-to-sue letter from the Equal Employment Opportunities Commission."  (ECF 1, at 1.)

Accordingly, the court recommends that the district judge dismiss the complaint for failure to state a claim upon which relief can be granted.  *See, e.g.*, *Harris v. AGL Res., Inc.*, No. 1:07-CV-2838, 2008 WL 1902203 (N.D. Ga. Apr. 25, 2008) (dismissing complaint that admitted failure to file a claim with the EEOC); *Gordon v. Louisiana*, No. 1:18-CV-00075, 2018 WL 6580564 (W.D. La. Oct. 9, 2018), *report and recommendation adopted*, 2018 WL 6580541 (W.D. La. Dec. 13, 2018) (dismissing Title VII complaint for failing to file an EEOC charge because there was no evidence in the record indicating a charge was filed).  The court, however, recommends that the complaint be dismissed without prejudice because plaintiffs may be able to proceed with filing

4

another complaint alleging claims under Title VII after they have exhausted their administrative remedies.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), plaintiffs may file written objections to this report and recommendation within fourteen days after being served with a copy.  If plaintiffs fail to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000); *Tastan v. Los Alamos Nat'l Sec.,* LLC, 809 F. App'x. 498, 503-04 (10th Cir. 2020).

**IT IS THEREFORE RECOMMENDED** that the assigned district judge dismiss plaintiffs Jenny Goodwin and Rebecca Lynn Nelson's complaint without prejudice.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Report and Recommendation to plaintiffs Jenny Goodwin and Rebecca Lynn Nelson via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated December 27, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge
