## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JENNY GOODWIN AND REBECCA
LYNN NELSON,

               **Plaintiffs,**

v.

V.J. DEWAR AND NEVIN DEWAR,

               **Defendants.**

Case No. 23-2207-DDC-ADM

## MEMORANDUM AND ORDER

On December 27, 2023, Magistrate Judge Angel D. Mitchell issued a Report and

Recommendation.  It recommended that the court dismiss this lawsuit, without prejudice, under

28 U.S.C. § 1915(e)(2)(B) for plaintiffs' failure to state a claim upon which relief can be

granted.[1]  Doc. 11.  Judge Mitchell noted in her Report and Recommendation that plaintiffs may

serve and file objections to the Report and Recommendation under 28 U.S.C. § 636(b)(1), Fed.

R. Civ. P. 72, and D. Kan. Rule 72.1.4, within 14 days after service of the Report and

Recommendation.  *Id.* at 5.  Also, Judge Mitchell advised plaintiffs, failing to make a timely

objection to the Report and Recommendation waives any right to appellate review of the

proposed findings of fact, conclusions of law, or recommended disposition.  *See id.* ("If plaintiffs

fail to file objections within the fourteen-day time period, no appellate review of the factual and

legal determinations in this report and recommendation will be allowed by any court.").  Service

---

[1]     Plaintiffs proceed *in forma pauperis*.  *See* Doc. 10.  Within the statute governing *in forma pauperis* lawsuits, Section 1915(e)(2)(B)(ii) provides that the "court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]"  28 U.S.C. § 1915(e)(2)(B)(ii).  The court applies "the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that [it] employ[]s for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

of the Report and Recommendation was accomplished by "mailing it to [plaintiffs'] last known address—in which event service [was] completed upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014). "Mailing" occurred on December 27, 2023, when the Clerk mailed the Report and Recommendation to plaintiffs. *See* Doc. 11; Doc. 12; Doc. 13. Thus, the time for plaintiffs to file objections to the Report and Recommendation expired on January 10, 2024.

To date, plaintiffs have filed no objection to Judge Mitchell's Report and Recommendation, nor have they asked to extend the time to file an objection. Because plaintiffs have filed no objection to the Report and Recommendation within the time prescribed, and they have sought no extension of time to file an objection, the court can accept, adopt, and affirm the Report and Recommendation in its entirety. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

Separately, the court has reviewed the substance of Judge Mitchell's Report and Recommendation. And the court agrees with its conclusions: plaintiffs fail to allege a claim on which relief may be granted because they haven't exhausted administrative remedies. Plaintiffs bring an employment discrimination claim against defendant Nevin Dewar, alleging that he discriminated against them based on their race, national origin, and gender in violation of Title VII, and that Dewar's verbal abuse created a hostile work environment. Doc. 1 at 3. Plaintiffs must exhaust administrative remedies before they can bring a Title VII claim in federal court. *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003). Failure to exhaust administrative remedies is an affirmative defense to Title VII cases. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018) ("[P]laintiff's failure to file an EEOC charge regarding a discrete

employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim.").  The Tenth Circuit has held that "it is proper to dismiss a claim on the pleadings based on an affirmative defense . . . when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements."  *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018).

The Complaint facially admits that plaintiffs haven't exhausted administrative remedies. *See* Doc. 1 at 2.  Plaintiffs answer "No" to a question asking whether plaintiffs filed a charge of discrimination against defendants with the Kansas State Division of Human Rights or the Kansas State Commission on Human Rights.  *Id.*  Plaintiffs also answer "No" to a question asking whether they've received a Notice of Right-to-Sue Letter from the Equal Employment Opportunity Commission.  *Id.*  The court thus dismisses without prejudice plaintiffs' Complaint because it pleads an affirmative defense—for failing to exhaust administrative remedies—to its Title VII claim.

Plaintiffs also never responded to Judge Mitchell's Report and Recommendation.  Thus, the court agrees.  Plaintiffs have failed to state a claim upon which relief may be granted.  The court dismisses plaintiffs' lawsuit, without prejudice, for failing to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED THAT**, after reviewing the file *de novo*, the Report and Recommendation issued by United States Magistrate Judge Angel D. Mitchell on December 27, 2023, (Doc. 11) is **ACCEPTED, ADOPTED, and AFFIRMED**.  The court dismisses this action without prejudice under 28 U.S.C. §1915(e)(2)(B), for failing state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

**Dated this 23rd day of January, 2024, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**